GEO. C. CAMP, Adm'r. de bonis non, v. WM. and JAS. SHERLEY et al.

AND

JOS. R. HAWKINS et al. v. WM. SHERLEY et al.

1. CHANCERY PLEADINGS AND PRACTICE. *Insolvent estate. Filing claims.* It is not necessary that a creditor should make himself a party by petition, to an insolvent bill, if in the bill his claim is stated as a valid and subsisting claim against the estate. Filing his claim with the clerk within time will bar the statute of limitations.

2. ADMINISTRATION. *Real estate. Alienation by heir.* The execution of a deed of trust by an heir upon lands descended to him from his ancestor, to secure a pre-existing debt, is not such an alienation by the heir as can defeat the right of creditors to subject the real estate of the an-

cestor to the payment of his debts. The land, by statute, is assets for this purpose, and to allow the heir to appropriate it for his own debts, by deed of trust or mortgage, would defeat the law.

FROM HENRY.

Appeal from the Chancery Court at Camdem.    G. H. NIXON, Ch.

T. A. HENRY and A. J. FARMER for complainants.

A. G. HAWKINS, H. C. TOWNES and HAWKINS & JONES for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In August, 1875, Jas. Sherley departed this life, and at September term, 1875, of the county court of Benton county, his sons, the defendants, James and William Sherley, were qualified as his administrators.

The intestate left at his death a small personal estate and three tracts of land, in said county. On the 23d of September, 1875, the administrators, who, with the minor children of a deceased sister, were the heirs at law of said intestate, filed their petition in the county court of said county of Benton, for a sale for partition of said three tracts of land. In their petition they allege that the widow was entitled to dower, and that their sister, in her lifetime, had been advanced by their deceased father in lands and personalty in an amount greater than either of them could receive out of the remainder of his property, and it is propably true she had been so advanced. The heirs of the sister were made parties, a guardian ad litem

appointed for them, and a decree rendered, upon proof taken, directing a sale of the land, after allotting dower to widow.

The land was sold and James Sherley bought one tract for $400, and William bought the other two tracts at $450. This sale was confirmed and title vested in the purchasers, retaining a lien for the purchase money. Ten per cent was paid before confirmation, and nothing has been paid since.

After the land was sold, William, being indebted to complainants in the cross-bill, Jos. R. & A. G. Hawkins and H. C. Townes, on the 19th of November, 1875, executed a deed of trust on the two tracts he bought, to secure to them the amount of his indebtedness.

Complainant Camp, who was one of the sureties of said James and William Sherley, administrators, having given them notice that he would apply at December term, 1876, to be released, was, on their resignation as administrators, appointed administrator *de bonis non* of said estate. And in December, 1877, said Camp filed this bill, in which he alleges that he has ascertained, and suggested to the county court, the insolvency of the personal estate; that the administrators had paid some of the debts, but there were still outstanding valid debts against the estate, and there were no assets for the payment of the same in his hands, or which could come to his hands. The bill prays for the transfer of the administration of the estate from the county, to the chancery court. The bill recites the facts connected with the sale of the

17—vol. 9.

lands, and prays for the sale of the same for the satisfaction of said debts.

The bill then alleges that there are two notes of $125 each (with some small credits), one due in 1874, and one due in 1875, and an account due Joel Teddor for $12.50; $125 due M. M. Fry, due in 1876; and also $12.50 by note, due in 1874, to Hubbs & Fry; burial expenses of $30 or $40 due W. P. Morris, and for coffin for intestate, due John J. Holland, $10 or $12, all of which debts the bill states are just due and outstanding, and perhaps other debts.

Hawkins and others, the beneficiaries in the trust deed, with the trustee, filed their cross-bill, having been made defendants to the original bill, in which they claim, that under said deed, they are entitled to have proceeds of sales of land applied first to their debts secured in said trust deed. They also contest the claims of the creditors of said estate.

His Honor, the chancellor, ordered a report to be made by the master, showing what personal assets had come to the hands of James and William Sherley, as administrators, or to the hands of Camp, as administrator *de bonis non*, and what debts were still outstanding against the estate, and how the accounts for receipts and disbursements of said administrators stood.

The master reported a balance in the hands of William and James Sherley, as administrators, of $250.50, after allowing credits amounting to $253.45, and that there was nothing in the hands of Camp, as administrator, or chargeable to him.

The master also reported, that the several debts specified in the bill as due and outstanding, were valid claims against the estate.    He reported, also, in favor of others, not enumerated in the bill, and one debt in favor of William Shurley, one of said administrators, of $26.76,. including interest to December 15, 1879.

Exceptions were filed to all the claims except that of William Sherley, by the defendants, William and James Sherley, and the complainants in the cross-bill, mainly on the ground that the complainants had not been formally made defendants to the bill, by petition.

The claims specified in the bill had all been filed within less than two years from the original grant of administration, but none of these claimants had filed formal petitions praying to be made parties defendants.

The chancellor overruled the exceptions, as to those claims set out in the bill, and allowed them, and the claim of William Sherley, only.    He also allowed exceptions of James and William Sherley, which reduced the finding against them to $70.24, and allowing the said claims specified in the bill, shows an aggregate of $439.94, debts still due from the estate.

The chancellor then recites the proceedings of the county court under which the said land was sold to William and James Sherley, and declares that William owes upon his purchase $405 and interest, and James owes on his purchase $300 and interest, and decrees if the sums due are not paid in sixty days the land shall be sold, and proceeds of James Sherley's land shall be first applied to the debts due from

the estate of ·James Sherley, deceased, and if not suf-
ficient, then the proceeds of the tract purchased by·
William Shurley shall be applied to pay the balance
of said debts, or so much ·thereof as may be neces-
sary to that purpose, and the residue, if any, shall
·be applied to the satisfaction of the debts secured to.
the ˉcomplainants in the cross-bill, by said deed of
trust.

William and James · Sherley pray an appeal from
so much of said decree as charges them as adminis-
trators, with the sum of $70.94, and as allows the
claims of creditors against the estate, and which di-.
rects the sale of said lands for the payment thereof.
But failing to give bond within the time prescribed,
they have filed the record for writ of error. The·
complainants in the cross-bill appeal from so much of
the decree as postpones their claims secured by the
deed of trust, to the debts due from the estate of
James Sherley, deceased.

It . appears that a claim for $26.76 is allowed Wil-
liam Sherley, by the master's report, and the decree of
the court. This was for payment of a debt due from
the estate, and instead of being allowed as a charge
against the estate, should have been credited on the
$70.24 found against him, and thus reduce the amount
found in his hands to $43.48, and reducing also, by
the amount of said claim thus credited, the outstand-
ing liabilities of the estate.

As before stated, all the claims allowed were specifi-
cally named in the bill as valid and outstanding debts
of the estate. None of them were barred by any stat-

Camp *v.* Sherley.

ute of limitations. Most of them proved to be just, none proved to be otherwise. In such case, we hold it is not necessary that the creditor should make himself a party defendant by petition, but the filing of the claim with the clerk within time, will save the bar of the statute.

The trust creditors, acquired by their deed, no superior rights to creditors of the estate, but they must be held to take in subordination to the rights of such creditors. Executing a deed of trust, by an heir to secure a pre-existing debt, is not such an alienation by the heir as can defeat the right of creditors, to subject the real estate of the ancestors to the payment of his debts.

Neither the trust creditors nor the said heirs at law can complain, that the real estate of the deceased shall be applied to the payment of his debts. Our statute has made it assets for this purpose, and to allow an heir, within three months after the ancestor's death, and before the law will allow a creditor to institute any proceedings, to appropriate the whole real estate to secure his own debts, by deed of trust, or mortgage, would be practically to defeat and annul the law.

The chancellor's decree has reached the substantial justice and equity of the case, and with the slight modification indicated, it will be affirmed. The costs of this court will be paid one-half by the complainants in the cross-bill, and the other half by William and James Sherley, and the costs below as adjudged by the chancellor, and the cause will be remanded for further proceedings.